## ELLIS AMES *vs.* EDWIN WENTWORTH.

Where a creditor attaches his debtor's property on mesne process, and seizes the same on execution, within thirty days after he recovers judgment, he has a lien or security on the property, which cannot be annulled, destroyed or impaired by his debtor being decreed a bankrupt, under the United States bankrupt act of 1841, on a petition filed after such seizure of the property, though before the time when, by law, it could be sold on execution.

THIS was a bill in equity, brought by the assignee of Jacob Shepard, a bankrupt, to redeem mortgaged real estate. The facts, as agreed by the parties, were as follows : On the 14th of April 1834, said Jacob Shepard mortgaged the estate in question to Elijah Drake, to secure payment of $ 350. On the 4th of April 1842, Isaac R. Shepard, a creditor of said Jacob, commenced a suit against him, attached his right of redeeming said estate, recovered judgment against him on the 7th of May 1842, and took out execution upon the judgment, on the 11th of said May. On the 4th of June following, an officer " seized and took on said execution the right of redeeming said estate from said Drake's mortgage, and on the same day gave the required notices of time and place of sale thereof." All legal formalities were afterwards complied with, and after one adjournment of the sale, said right of redemption was sold, for $ 430, to the defendant, who paid that sum to the officer therefor, and received from him a deed thereof, in due form, and caused it to be immediately recorded in the registry of deeds.

On the 28th of May 1842, said Jacob Shepard drew up his petition, with proper schedules of his property and debts, and made oath to the same before a commissioner in bankruptcy, and in all respects completed his petition. On the 7th of June following, he filed his said petition in the district court of the United States, and took an order of notice thereon, which was published, on the 6th of August 1842, in a newspaper, as was

directed by said court ; and such proceedings were afterwards had, that on the first Tuesday of September 1842, said Shepard was duly declared a bankrupt, and the plaintiff was appointed his assignee, and had license from said district court to redeem said mortgaged estate.

By consent of the parties to this bill, an interlocutory decree was passed, and an order of reference to a master. The master allowed the principal and interest due on the mortgage to Drake, and a small sum which the defendant had paid for an assignment of that mortgage for the purpose of protecting his title, and rejected the claim of the defendant to said sum of $430 and interest thereon — on the ground that the sale of said right of redemption was void, and that the officer's deed thereof conveyed no right or interest in the mortgaged estate.

The defendant excepted to the master's rejection of said sum of $430 and interest thereon, and appealed to this court.

The only question raised in this case was, whether Isaac R. Shepard had, at the time of the filing of the bankrupt's petition, a *lien* or *security* on the aforesaid equity of redemption, within the meaning of the second section of the United States bankrupt act of 1841, by which it is provided " that nothing in this act contained shall be construed to annul, destroy or impair any liens, mortgages or other securities on property, real or personal, which may be valid by the laws of the States respectively "

*Wilkinson,* for the defendant.

*Ames, pro se.*

The opinion of the court was delivered at the February term 1843, by

Dewey, J. The point here raised involves the question of the effect of proceedings in bankruptcy, under the United States bankrupt act of 1841, upon the property of the bankrupt, which had, previous to the filing of his petition, been attached on mesne process, and where the suit had proceeded to judgment, and an execution had issued thereon and been levied on the attached property, but no sale thereof had been made, because the time had not elapsed, which must by law intervene between the seizure and the sale on execution.

It will at once be perceived that the case is quite clear of the principal question that arose in *Foster's case*, before Mr. Justice Story, in the circuit court of the United States, and is reported in 5 Law Reporter, 55, where the general subject of lien was elaborately considered, as well as the more limited question of the effect to be given to an attachment on mesne process, when bankruptcy intervenes before the rendition of any judgment in the suit in which such attachment is made. It was the latter question that was directly in issue in that case ; and we have the most satisfactory evidence, from the opinion of the same learned judge, in subsequent cases, that his ruling in *Foster's case* was not intended to embrace all cases of attachments, without any reference to the state of the suit, or to the question whether the defence of bankruptcy might be interposed in the action, and the attachment be thus indirectly defeated.

Thus, in *Parker's case*, 5 Law Reporter, 351, where an attempt was made to apply the principle that an attachment was necessarily dissolved by a decree of bankruptcy, the same judge ruled, that no such effect would follow, where, pending the action, the amount of damages had been ascertained by agreement of parties, and a stipulation entered into for judgment to be entered at a future day, for a sum stated, and where it was the obvious intent of the parties that the attachment should continue as security for the judgment. The decision in *Foster's case* was there restricted, and the distinction taken between the case of a mere naked attachment, where there was no admitted debt due, no stipulation for judgment at a future day, and nothing in the state of the action which would prevent the bankrupt from pleading his discharge in bar of the suit, and a case presenting itself under circumstances like that then before the court ; and while the former was held not to constitute a lien, within the saving clause of the second section of the United States bankrupt act ; (*St.* 1841, *c.* 9 ;) a different rule was applied in the latter case, and the attachment was sustained.

In *Cook's case*, 5 Law Reporter, 443, this subject was subsequently considered by Mr. Justice Story, and was placed by him on grounds so distinct, that his views, in the opinion given

Ames *v.* Wentworth.

in *Foster's case*, can no longer be a matter of doubt or uncertainty. In *Cook's case*, there was an attachment on mesne process, and judgment subsequently rendered on default, and a petition in bankruptcy filed on the next day after the rendition of the judgment, and previous to the levy of execution ; and the question was, whether the attachment was thereby defeated. The facts presented the question, which we have now before us, more directly than it was presented in *Parker's case*, where the decision was placed more upon the effect of the various stipulations of the parties to the suit — the bankruptcy being held not to annul or control them, though it took place before any enforcement of the lien or the issuing of an execution. But in *Cook's case*, no stipulation existed between creditor and debtor, as to the judgment, and the whole proceedings were *in invitum ,* and therefore it presented, directly, the question of the right of an attaching creditor, who had obtained judgment, but had not levied execution, before the filing of a petition in bankruptcy by the debtor. Here, it will be perceived, the property had not passed to the creditor, and he had no other claim than that of a lien as security for his judgment. Upon the question thus presented, Story, J. said, " the proceedings in bankruptcy after judgment can have no effect whatsoever upon the judgment, or upon the property attached in the suit. The creditors of the judgment have made their right, (call it, if you please, their lien,) perfect under the attachment. It is no longer a conditional or contingent right, but it has attached absolutely to the property ; and by the laws of Massachusetts it remains a fixed and positive lien for thirty days after the judgment."

That case, it will be seen, entirely settles the case at bar, if we adopt the principles of it. In that case, there had been only the rendition of judgment, but no levy of execution. In the case at bar, not only was judgment rendered, but it had been followed by an actual seizure of the property on execution. There can be no doubt, therefore, that in the present case the lien by attachment and seizure on execution was not defeated by the filing of a petition in bankruptcy, praying to be declared a bankrupt but the judgment creditor was well warranted in pro-

ceeding to sell the right in equity of Jacob Shepard in the premises attached on mesne process ; and that sale having been made in the form and manner prescribed by law, the purchaser acquired thereby a valid interest therein, and is entitled to receive the amount so accruing to him as purchaser of the equity of redemption, before he can be required to release to the assignee of said Shepard his interest in said mortgaged premises.

To avoid any misapprehension as to the extent of this opinion, it may be proper to remark-that the court intend to express no opinion on the question whether a mere attachment would constitute a lien, within the saving clause of the bankrupt law. The present case does not require any adjudication on that point.